# Corry, Admr. v. Jones, *et al.*

*Bill in Equity to be subrogated to a Vendor's Lien.*

1. *Estoppel; husband and wife; vendor's lien.*—The mere fact that a wife, who sells land belonging to her separate estate, allows a note for the purchase money to be made payable in the alternative to her husband or herself, and permits her husband to have the custody thereof, does not estop her to assert her title to and ownership of the note as against her husband's creditors, who garnished and obtained judgment against the maker of the note as the husband's debtor, and who are seeking to be subrogated to their said debtor's alleged vendor's lien ; and neither does such fact nor the garnishment proceeding in any way destroy or affect the wife's right to have enforced her vendor's lien for the unpaid purchase money evidenced by said note.

[Corry, Adm'r. v. Jones *et al.*]

APPEAL from the Chancery Court of Walker.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellees against the appellant. The facts of the case are sufficiently stated in the opinion. The appeal is prosecuted from a decree establishing a vendor's lien in favor of the complainants, and the rendition of this decree is assigned as error.

W. H. SMITH and G. M. MASTERSON, for appellant. 1. "Husband and wife having made a sale and conveyance of the wife's real estate, a part of her separate estate, and the purchaser giving a note for the purchase money payable to the husband, such note becomes her separate estate."—*Sampley v. Watson*, 43 Ala. 377. A resulting trust would be created in such a note, or judgment founded on the note.—*Farmers, &c. Bank v. King*, 98 Amer. Dec. 215; Story's Eq., § 1259; 10 Amer. & Eng. Encyc. of Law, 14. Such trust would prevail over garnishment process.—*Farmers, &c. Bank v. King*, 98 Amer. Dec. 215.

2. D. W. Corry, administrator of I. E. Davis, can recover on the note of the Lockhart Coal Co. The judgment in garnishment, being in her lifetime, to have barred her and her administrator, she would have to have been made a party thereto.—Code of 1886, § 2984; Rood on Garnishment, 206; *Town of Woodlawn v. Purvis*, 108 Ala. 511.

APPLING & McGUIRE, *contra.*—1. By the garnishment proceeding, Jones acquired a lien on the debt which O'Brien and McLaughlin owed to Wiley Davis, viz., the $92 purchase money debt.—Code of 1886, § 2957. The judgment in garnishment created in Jones' favor a specific lien on the debt which the garnishees owed to Wiley Davis, the judgment debtor. It is, in fact, a legal transfer of said debt.—*Cothell v. Varnum*, 5 Ala. 229; 7 Lawson's R. R. & Pr.; 5572 and note; and p. 5618; Drake on Attachment, § 453.

"When the debt for which the garnishee is charged is secured to the defendant in any manner, the garnishment transfers the security to the plaintiff, who may enforce payment of the garnishment judgment by foreclosing this security."—Rood on Garnishments, 127; *White v. Simpson*, 107 Ala. 386.

The note was, by Mrs. Davis' consent, made payable to him or her in the alternative, and the others to him and her jointly, and surely this must have had its significance, and she is estopped, to deny the legal consequences of her acts, especially as against a *bona fide* judgment creditor or garnishing creditor.—2 Herman on Estoppel, 951, 1104, 1111, 1113; 3 Brick. Dig., 449, §§ 47, 48.

HEAD, J.—Mrs. I. E. Davis, being the owner of certain lands as her statutory separate estate, she and her husband, Wiley Davis, sold and conveyed the same,. by deed, to Pat O'Brien and H. L. McLaughlin, and took from them sundry notes for the purchase money. One of these notes was for $92, and was made payable to "Wiley Davis or I. E. Davis." After the maturity of this note, the appellee, Jones (or rather a partnership of which he was a member, and to whose rights he has succeeded), who obtained a judgment against Wiley Davis, sued out a writ of garnishment thereon against O'Brien and McLaughlin, and the garnishees answered, admitting indebtedness to said Wiley Davis in the amount of, and as shown by, said note of $92, with interest. Judgment was rendered against them on their answer, and the appellee, Jones, is, in this proceeding, seeking to be subrogated to the alleged vendor's lien of Wiley Davis, on the said lands, against the purchasers thereof. The administrator of Mrs. I. E. Davis, now deceased, is before the court contending that Wiley Davis had no interest in the land, nor the purchase money note, hence no vendor's lien; but that the amount due for the purchase money belonged to his intestate, who was the sole and exclusive owner of the land, and this is the only issue which the record now presents.

There is no pretense that Wiley Davis had any interest whatever in the land, or the note given for the purchase money. At the time of the garnishment proceedings, the amount owing for purchase money was the separate estate of Mrs. Davis, under the married woman's law of 1887, and the only contention of the appellee, as we understand it, is that Mrs. Davis was estopped to deny that Wiley Davis was the owner of the debt and of the land on which the lien of a vendor operated, because

[Corry, Adm'r. v. Jones *et al.*]

she suffered the note to be made payable in the alternative, either to said Wiley Davis or herself, and suffered him to have custody of it. Whether he had custody or possession of it prior to the garnishment proceedings, if of any importance, really does not appear.

We cannot see a single element of estoppel growing out of these facts. The said note and the dealings in reference to it brought to light by this record, were, in no sense, governed by the commercial law, and no claim is set up by the appellee as being a *bona fide* purchaser for value, without notice, by reason of any principle of the commercial law.

So, the appellee's case is, simply, that although, in fact, the land belonged to Mrs. Davis, and the purchase money belonged to her, and her husband, Wiley Davis, had no interest whatever in either, yet the fact that she suffered the note to be made payable to either him or her, estopped her to show her ownership when his creditors come and seek to subject the demand to his indebtedness. On the same principle, it would seem that Wiley Davis would be likewise estopped if a creditor of Mrs. Davis had sought to reach the indebtedness.

It is not pretended that Mrs. Davis did any act to induce the issuance of the garnishment, or knew anything about it. She was no party to it, in any way, and no estoppel whatever rested on her.

The decree of the chancellor, in so far as relief was granted to appellee, J. B. Jones, will be reversed and annulled, and a decree will be here rendered dismissing his bill and taxing him with all the cost incurred thereon. He will also be taxed with all the costs of the appeal in this court and the chancery court.

It will be further decreed that unless the entire purchase money for said lands remaining unpaid, as ascertained by the chancellor's decree, together with interest accrued thereon since the rendition of said decree, and all the cost of the cause not taxed aginst said J. B. Jones, as above directed, shall be paid by the complainant in the original bill, the Lockhart Coal Co., (the said purchase money to be paid to D. W. Corry, as administrator of said I. E. Davis, deceased, or to the register for his use, and the costs to be paid to the register) within thirty days from the date of this decree, the register will proceed to sell the said lands, or so much thereof as may be

[Warren & Co. v. Hunt *et al.*]

necessary, in the manner directed by the chancellor's decree, and from the proceeds thereof pay the purchase money and costs, the balance, if any remaining, to be paid to the said Lockhart Coal Co. In the event the proceeds of such sale be insufficient to pay the said debt and costs, the chancery court will render a personal decree against the said Lockhart Coal Co., in favor of said Corry as administrator for the residue.

Reversed, rendered and remanded.

